UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| CONSTRUCTION WORKERS PENSION ) | | |
| TRUST FUND LAKE COUNTY AND ) | | |
| VICINITY, ) | | |
| ) | | |
| Plaintiff, ) | | |
| v. ) | 2:09-cv-358 | |
| ) | | |
| RYAN FLY, individually and d/b/a ) | | |
| EASTPORT LAWN MAINTENANCE ) | | |
| AND GENERAL CONTRACTING, ) | | |
| ) | | |
| Defendant. ) | | |

## OPINION AND ORDER

Before the Court is the above-named Plaintiff's Motion for Default Judgment. [DE 19.] For the reasons explained below, the motion is **GRANTED**.

## BACKGROUND

The Plaintiffs are the Construction Workers Pension Trust Fund Lake County and Vicinity (the "Trust"). The Trust brought this action against Ryan Fly, individually and doing business as Eastport Lawn Maintenance and General Contracting, under the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq.*, seeking payment of delinquent contribution owed from March 3, 2008 to December 31, 2009, pursuant to the parties' collective bargaining agreement.

The Trust filed this action on October 23, 2009 and then amended its complaint on March 4, 2011. Defendant never responded to the original complaint and has not responded to the Amended Complaint. As a result, the Clerk entered default against Defendant on May 16, 2011,

and on August 31, 2011 the Trust then moved for default judgment. The Trust supports its claim for damages with an affidavit from the Auditor for the Trust and affidavits from its attorneys.

## DISCUSSION

Federal Rule of Civil Procedure 55 governs the entry of default and default judgment. *See Lowe v. McGraw-Hill Cos., Inc.*, 361 F.3d 335, 339 (7th Cir. 2004). Prior to obtaining a default judgment under Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a). *See Wolf Lake Terminals, Inc. v. Mut. Marine Ins. Co.,* 433 F. Supp. 2d 933, 941 (N.D. Ind. 2005). Under Rule 55(a), the clerk is to enter the default of a party against whom a judgment is sought when that party has failed to plead or otherwise defend. Fed. R. Civ. P. 55(a). Because the clerk already entered a default, I may now enter a default judgment under Rule 55(b)(2), though I must exercise discretion in doing so. *See O'Brien v. R.J. O'Brien & Assocs., Inc.,* 998 F.2d 1394, 1398 (7th Cir. 1993).

Courts may consider a number of factors when deciding a motion for default judgment. Those factors include the amount of money potentially involved, whether material issues of fact or issues of substantial public importance are present, whether the default is largely technical, whether plaintiff has been substantially prejudiced by the delay involved, and whether the grounds for default are clearly established or are in doubt. 10A Wright *et al.*, Fed. Prac. & Proc. Civ. 3d § 2685 (3d ed. 2007); *see Cameron v. Myers*, 569 F. Supp. 2d 762, 764 (N.D. Ind. 2008).

In this case, the grounds for default are established. This case has been pending since October of 2009, but Defendant has not answered either complaint, entered an appearance through counsel, or responded to the Trust's motion for default judgment. The default is thus not a simple technicality. No material issues of fact have been presented due to Defendant's failure

to participate in the lawsuit.  Additionally, delay in judgment will prejudice the Trust.  Therefore, the factors weigh in favor of default judgment.

A default judgment establishes, as a matter of law, that the defendant is liable to the plaintiff for each cause of action in the complaint.  *E360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007).  Here, this means that I must accept as true the Trust's assertion that Defendant failed to make the payments set forth in the parties' collective bargaining agreement.

Although the well-pleaded allegations of a complaint are taken as true, those relating to the amount of damages must be proved.  *See Yang v. Hardin*, 37 F.3d 282, 286 (7th Cir. 1994).  Thus, upon considering a motion for default judgment, a court may need to hold a hearing to determine damages.  *See Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983).  But in cases where damages are capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits, such a hearing is unnecessary.  *See O'Brien*, 998 F.2d at 1404 (citing *Dundee Cement Co.*, 722 F.2d at 1323); *E360 Insight*, 500 F.3d at 602.

Here, the Trust has submitted an affidavit from Arlene David, the Auditor for the Trust, who claims to have personally reviewed the reports and records indicating the payments withheld by Defendant.  She asserts that Defendant owes $9,011.05 in missed contributions and liquidated damages.  [DE 19-1.]  This affidavit is sufficient to demonstrate damages in the amount of $9,011.05.

3

As for the attorney's fees, the attorney's affidavits state a total of $4,703.84 in combined attorneys' feels and costs. [DE 19-2] I find these claims reasonable. Therefore, the Trust is entitled to recover $4,703.84 in attorneys' fees and costs.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Default Judgment is **GRANTED**. [DE 19.] Defendant is **ORDERED** to pay Plaintiff $9,011.05 in damages and $4,703.84 in attorneys' fees and costs. The Clerk is directed to enter **FINAL JUDGMENT** stating that Plaintiff is entitled to the relief ordered herein. The Clerk is further directed to treat this matter as **TERMINATED**.

**SO ORDERED**.

ENTERED: October 24, 2011.

s/ Philip P. Simon
PHILIP P. SIMON, CHIEF JUDGE
UNITED STATES DISTRICT COURT